FILED
2009 Jun-26  PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE C. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:08-CV-1101-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff Clyde C. Smith (hereinafter "Mr. Smith") brings this action pursuant to § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3). He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Mr. Smith timely pursued and exhausted his administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statues or regulations found in quoted court decisions.

is ripe for review pursuant to 42 U.S.C. § 405(g)[2] of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Smith was a 52-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 295). He has obtained his GED and some trade school education. *Id*. His past work experiences include furniture assembler and vinyl siding applicator. (Tr. 311). Mr. Smith claims he became disabled on September 8, 2004, due to bronchitis, lower back pain, arthritis, depression, anxiety, fatigue, and insomnia. (Tr. 22, 296; Doc. 9 at 10). His last period of work ended on September 8, 2004. (Tr. 296).

Mr. Smith filed his application for a period of DIB on September 9, 2005. (Tr. 20). He also filed for SSI on September 9, 2005. *Id*. The claims were denied by the Commissioner on March 9, 2006. *Id*. Mr. Smith timely filed a written request for a hearing on May 8, 2006. *Id*. A video hearing was held on August 8, 2007. *Id*. The ALJ concluded that Mr. Smith was not disabled and denied his application on September 21, 2007. (Tr. 27-28). This court has carefully considered the record and reverses and remands the decision of the ALJ.

---

[2]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of June 12, 2009.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section); *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999), *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed

impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Foote*, 67 F.3d at 1559.

### <u>FINDINGS OF THE ADMINISTRATIVE LAW JUDGE</u>

The ALJ found that Mr. Smith meets the insured status requirements of the Social Security Act through December 31, 2009.  (Tr. 22).  He also found that Mr. Smith has not engaged in substantial gainful activity since the alleged onset date of his disability on September 8, 2004.  *Id*.  He found that, in combination, Mr. Smith's bronchitis, nicotine dependence, lower back pain, and arthritis are considered "severe" based on the requirements in Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c).  *Id*.  The ALJ then held that the medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations.  (Tr. 23).

The ALJ concluded that Mr. Smith has the residual functional capacity to perform light work[4] with a sit/stand option.  *Id*.  The ALJ determined that Mr. Smith's

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

impairments prevent him from performing his past relevant work.  (Tr. 26).

The vocational expert ("VE") testified that Mr. Smith's past work experience as a furniture assembler is characterized as medium,[5] light as performed, and semiskilled[6] and his past work experience as a vinyl siding applicator as medium and semiskilled. *Id*.  The ALJ then considered Mr. Smith's age, education, work experience, and residual functional capacity.  (Tr. 27).

The ALJ concluded that Mr. Smith was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act.  (Tr. 28).  Further, based on his application for SSI, the ALJ also determined Mr. Smith was not disabled under § 1614(a)(3)(A) of the Social Security Act.  *Id*.

## **ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial

---

[5]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. § 416.967(c).

[6] "Semi-skilled work is work which needs some skills but does not require doing more complex work duties."  20 C.F.R. § 416.968(b).

evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[7] Mr. Smith asserts that the ALJ improperly classified him as a younger individual. (Doc. 9 at 8). Mr. Smith further argues the ALJ failed to fully develop the record in regard to Mr. Smith's fatigue because he did not consider all relevant documents and testimony and he neglected to "consider [Mr. Smith's] non-exertional impairments of fatigue with chronic insomnia, depression, anxiety and pain." (Doc 9 at 9-10). Mr. Smith also contends "that the ALJ failed to properly consider his non-exertional impairments in combination with his exertional impairments." (Doc. 9 at 10). The court has carefully reviewed the record and finds that this case should be remanded.

## I.   The ALJ Improperly Classified Mr. Smith as a "Younger Individual" because Mr. Smith was 52 at the Time of Adjudication.

Mr. Smith argues that "the classification of him as a younger individual . . . was incorrect." (Doc. 9 at 8). Mr. Smith argues that because he was six weeks shy of his fiftieth birthday at the date of his alleged onset date that places him in a borderline situation and accordingly the ALJ applied the incorrect age classification. *Id.* The

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court agrees that Mr. Smith's age classification as a younger individual was incorrect. Further, because such error was not harmless,[8] the case must be remanded.

Generally, the age to be applied when using the grids is the age at the earlier of the time of adjudication or at the date of last insured. *See* 3 Soc. Sec. Law & Prac. § 43.150.  In the present case, the ALJ used Mr. Smith's age at the time of his alleged disability onset date, which was 49, and resulted in the ALJ classifying him as a "younger individual." (Tr. 26, 313).  However, Mr. Smith was age 52 at the date of his adjudication on September 21, 2007, and Mr. Smith's date of last insured was December 31, 2009.  (Tr. 22, 292, 295).  Thus, the proper classification of Mr. Smith would have been that of an individual "closely approaching advanced age."

A harmless error exists when strict application of the grid rules under both age classifications would still yield a finding of not disabled.  This court has previously cited[9] to both a Seventh Circuit opinion and a Fifth Circuit opinion in which the courts declined to reverse in a purported borderline age situation when the application of either age category within the grids yielded a finding of "not disabled."  *See, e.g., Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989) ("Even if Anderson was

---

[8]Harmless error is "[a]n error that does not effect a party's substantive rights or the case's outcome.  A harmless error is not grounds for reversal." *Black's Law Dictionary* 563 (7th ed. 1999).

[9]*Stanley v. Astrue*, No.: 4:07-CV-1217-VEH (Doc. 10) (N.D. Ala. Mar. 28, 2008).

considered to be a person 'closely approaching advanced age,' application of Rule 202.10 would likewise have mandated a finding of not disabled."); *see also Loya v. Heckler*, 707 F.2d 211, 215 n.2 (5th Cir. 1983) ("Even if Loya were now classified as a person 'closely approaching advanced age,' 20 C.F.R. § 404.1563(c) (1982) (age 50-54), the tables would indicate that he is not disabled.").  In Mr. Smith's case, the ALJ made no ruling upon the transferability issue because it was not material to the determination of disability under Table 2 concerning light work.  (Tr. 26-27). Application of either age classification ("younger individual" and "closely approaching advanced age")  under Table 2 would result in a finding of not disabled and would thus be a harmless error.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 202.14, 202.15, 202.21, 202.22.

However, the ALJ recognized that Mr. Smith had additional limitations that impeded his ability to fully perform light work.  (Tr. 23).  Accordingly, Mr. Smith falls somewhere in between the sedentary and light grids and a strict application of the grids was not appropriate.  More specifically, the ALJ found that Mr. Smith can perform light work with a sit/stand option.  *Id*.

For example, if the ALJ were to use Table 1 of the grids which deals with

sedentary work,[10] Mr. Smith may be found disabled depending upon the transferability of his job skills if he is classified as a person approaching advanced age.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.14.   On the other hand, if the ALJ had determined that Mr. Smith's skills were transferrable, he would not be disabled under either grid.   Because the ALJ made no ruling about the transferability of skills, this court is unable to determine whether Mr. Smith would be deemed disabled from an application of the grids and thus, in light of this record, similarly is unable to determine whether the classification of the wrong age category potentially constitutes a harmless error.

## II.   The Testimony of the VE cannot be Considered Substantial Evidence because the ALJ Failed to Properly Question the VE in the Hypothetical Questions.

Since Mr. Smith had additional limitations that would impede his ability to perform light work as determined by the grids, the ALJ further relied on the testimony of a vocational expert ("VE") to determine the effect of these limitations on Mr. Smith's ability to find a job and adjust to it.  (Tr. 26-27).  Based on this testimony, coupled with Mr. Smith's age, education, work experience, and residual functional capacity, the ALJ concluded that "there are jobs that exist in significant numbers in

---

[10] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools."  20 C.F.R. § 416.967(a).

the national economy that [Mr. Smith] can perform." (Tr. 27).

This court has previously stated that "in order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that includes all of the claimant's impairments." *Stanley*, (Doc. 10 at 13) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). This court has further stated that, "[a]lthough a claimant's age has apparently not been recognized as an express requirement of a stated hypothetical, it has been acknowledged as a major element of the question posed to a vocational expert." *Id.* at 14.

*Stanley v. Astrue* is a case decided by the undersigned that deals with a similar issue. *Stanley,* (Doc. 10. at 9-16). In *Stanley,* this court affirmed the ALJ's decision because the error committed in applying the incorrect age was harmless. *Id. Stanley* is distinguishable from the present case because, in *Stanley*, there was no incorrect reference to an age when the ALJ was posing his hypothetical question to the VE. *Id.* at 14. The only age mentioned during the hearing was Mr. Stanley's present age of 51. *Id.* The court held that

> the fact that the ALJ was silent about Mr. Stanley's numerical age when posing the hypothetical to the vocational expert, along with Mr. Stanley's own testimony about how old he was at the time of the hearing, logically leads to the conclusion that it is highly unlikely that the vocational expert applied the incorrect age standard. . . Therefore, reliance upon the vocational expert's testimony as substantial evidence in support of the ALJ's decision is appropriate.

*Id*. at 14-15.

With the present case, the hypothetical situations posed by the ALJ to the VE take into account Mr. Smith's "age, education and prior work history." (Tr. 313). However, the ALJ explicitly stated that "by age I mean 49 years, that's the date he alleged disability." *Id.* If the ALJ had properly questioned the VE about an individual within the higher age category of a "person approaching advanced age," the VE's responses may have led the ALJ to a finding that Mr. Smith was disabled. *See, e.g., Stanley*, (Doc. 10 at 14) ("<u>If the ALJ had stated an incorrect age in his hypothetical to the vocational expert during the hearing, the argument for reversible error would be stronger</u>.") (emphasis added)). Because the record reflects that the VE's answers considered Mr. Smith to be in a younger age category <u>as expressly directed by the ALJ</u>, rather than as an individual of a higher age bracket, his testimony cannot be considered substantial evidence in support of the ALJ's decision.

In social security disability cases, the district court must review the ALJ's opinion and "determine whether its conclusion, as a whole, is supported by substantial evidence in the record." *Foote*, 67 F.3d at 1558 (citing 42 U.S.C. § 405(g)). The ALJ's failure to consider the older age classification is a material omission because the higher age bracket definition states that "your age along with a severe impairment(s) and limited work experience *may seriously affect your ability*

*to adjust to other work*." 20 C.F.R. §404.1563(d) (emphasis added).  The application of the higher age bracket may have resulted in the declaration that Mr. Smith is disabled and, at the very least, is dispositive of any determination concerning disability.  *See Daniels v. Apfel*, 154 F.3d 1129, 1135 (10th Cir. 1998).  Also, since the testimony of the VE cannot be relied upon as substantial evidence, the decision of the ALJ is due to be reversed and remanded.

## CONCLUSION[11]

Accordingly, the decision of the Commissioner is reversed and the case remanded.  42 U.S.C. § 405(g).[12]  An order in conformity with this memorandum opinion will be entered.

**DONE**  and **ORDERED** this the 26th day of June, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[11] Because the court reverses on the age issue, it does not rule on the remaining items on appeal, including whether the ALJ failed to develop the record in regard to Mr. Smith's fatigue and whether he improperly failed to consider the totality of Mr. Smith's impairments in combination with each other.

[12] The fourth sentence of 42 U.S.C. § 405(g) states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."